O'BRIEN v. FEDERAL UNION SURETY CO.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

1. EVIDENCE (§ 461*)—CONTRACT—PAROL EVIDENCE.

A provision in a contract appointing an agent for a foreign surety company that his territory should be a certain county was sufficiently uncertain and ambiguous to admit parol evidence as to whether the intent was to thereby limit the agent's territory, or to give him exclusive agency in the territory mentioned.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

2. PRINCIPAL AND SURETY (§ 55*)—AGENCY—CONTRACT—CONSTRUCTION.
  The writing of excise bonds was included in the business intrusted to the agent of a foreign surety company under a contract appointing him its exclusive agent in certain territory to solicit and secure fidelity, surety, and casualty business to be written by it.
  [Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 55.*]

3. PRINCIPAL AND SURETY (§ 55*)—AGENCY—CONTRACT—BREACH—LIABILITY OF PRINCIPAL.
  In order to put a foreign surety company in default for violating an exclusive agency contract given its soliciting agent by refusing to permit him to write excise bonds, it was not necessary that he forward excise applications to the company, where it not only refused to place the agent in a position to write such bonds, but transacted that part of its business through another agency over the agent's protest.
  [Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 55.*]

  McLennan, P. J., dissents.

Appeal from Trial Term, Monroe County.

Action by Hugh J. O'Brien against the Federal Union Surety Company. From judgment for defendant and order denying new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, KRUSE, and ROBSON, JJ.

George H. Harris, of Rochester, for appellant.
C. D. Kiehel, of Rochester, for respondent.

KRUSE, J. [1, 2] The defendant, a foreign surety company, appointed the plaintiff "its agent for the purpose of soliciting and securing fidelity, surety, and casualty business to be written by it." It was provided in the writing appointing him that "the agent's territory shall be Monroe county, state of New York." The agent agreed to abide by the rules and rates of the company in soliciting and handling the company's business, and the company reserved the right to reject any business offered to it by the agent, and agreed to supply the agent with all stationery incident to the conduct of the business. The company agreed to pay the plaintiff on all surety, fidelity, and casualty business secured by the agent 25 per cent. of the premiums collected by him, and on all excise business written by the company through said agent he should be entitled to a commission of 20 per cent., the company reserving the right to discontinue the writing of excise business at any time it may so elect. During the time of the plaintiff's agency, the defendant bonded liquor tax certificate holders within the county of Monroe, but not through the plaintiff. It refused to put the plaintiff in a position to write those bonds, as was conceded on the trial, and that part of its business was done through another agency, against the protest and objection of the plaintiff.

The plaintiff claims that the understanding between himself and the defendant's representative at the time of the execution of the written contract was that the plaintiff was to be the sole agent of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant company in the county of Monroe during the life of the contract; and he so testified upon cross-examination on the trial of the action. That claim, I think, is fortified by the written correspondence between the plaintiff and the defendant's representatives. Although such parol evidence was received, the trial court finally held that the contract was unambiguous, and did not give the plaintiff the exclusive agency to do the business intrusted to him, and directed a verdict for the defendant upon the counterclaim, less the amount due the plaintiff upon business which he had actually done.

It is not urged that an independent collateral agreement may be shown, and seems to be tacitly conceded that the written contract must govern. Assuming that to be so, I think there is enough uncertainty and ambiguity in the meaning of the clause in the written contract that "the agent's territory shall be Monroe county, state of New York," to admit parol evidence as to whether it was the purpose and intent of the parties thereby merely to limit the territory within which the plaintiff might do the business intrusted to him, or whether it was intended as well to set aside a certain territory which should belong to the agent, within which he should have the exclusive right to do that part of the defendant's business included within the terms of the contract. If that is so, it seems very clear that it was the intention to give to the plaintiff the exclusive right to such territory for the business so intrusted to him. I am also of the opinion that the writing of excise bonds was included in the business intrusted by the defendant to the plaintiff under the terms of the contract.

[3] I do not think it was necessary, as the trial court seems to have held, that, in order to put the defendant in default, the plaintiff should have forwarded the excise applications to the defendant, in view of the position of the defendant that that part of the business was to be done through the state administrative committee, and its refusal to recognize the plaintiff's right thereto. The law does not require the doing of a nugatory act.

I think the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., who dissents upon the opinion of Foote, J., delivered at Trial Term, which is as follows:

"Plaintiff's theory is that the contract gave him the exclusive right to write excise bonds for defendant in Monroe county, and that defendant violated the contract in that respect by failing to furnish plaintiff with a special power of attorney to sign defendant's name to excise bonds, together with blank forms of bonds ready for execution, and also by appointing other agents in Monroe county, and providing them with such powers of attorney and blank forms of bonds, and plaintiff's claim is to recover damages for breach of the contract in reference to excise bonds to the extent of the value of the contract in that respect to plaintiff in case he had been allowed to himself issue such excise bonds as he could have secured in Monroe county. He does not claim a right to commissions upon such bonds as the defendant issued through other agents.

"Two questions are presented: (1) Did the contract give plaintiff an exclusive agency or the sole right to represent defendant in Monroe county? (2) Did it require defendant to furnish to plaintiff powers of attorney and blank forms so that he might himself execute and issue excise bonds without

referring applications therefor to the defendant at its home office in Indianapolis, Ind.?

"I think the contract did not give plaintiff an exclusive agency. It did not do so in terms. There is no provision of the contract inconsistent with an intention of the company to have more than one agent, and there is nothing in the contract which requires plaintiff to solicit any business or to secure any particular amount of business. Hence I think that the clause numbered second, 'The agent's territory shall be Monroe county, state of New York,' is intended to define the field within which he might work rather than to confer exclusive agency rights upon him within that territory.

"As to furnishing plaintiff with powers of attorney and blank forms of bonds, I find nothing in the contract which required defendant so to do. Such documents are not 'stationery' as that word is ordinarily used, and there is nothing in the contract to indicate that it was not used in its ordinary sense. It would have been no breach of this contract if defendant had failed to furnish plaintiff with any powers of attorney in reference to any forms of bond or with blank forms of bonds. Had defendant seen fit, it could have required, without any violation of this contract, that all applications for surety bonds of every kind should be forwarded by plaintiff to its office at Indianapolis, to the end that the bonds should be executed by the officers of the company there. True, this is not the usual method of transacting such business, and at times such a delay as that practice would require would result in loss of business. Still defendant had the right to so conduct the business if it saw fit without violating the contract.

"If this be true, then there was no violation of the contract in respect to excise bonds. Plaintiff does not claim to have submitted any application to defendant to have it become surety upon any excise bond. His complaint is that he was not equipped with the necessary authority for himself executing such bonds for defendant. The language of the contract is that plaintiff was constituted and appointed 'its agent for the purpose of soliciting and securing fidelity, surety and casualty business to be written by it.' The agent also agrees to abide by the rules of the company and the company reserves the right to reject any business 'offered to it by the said agent,' and by the thirteenth clause the agent agrees not to 'bind the company in any way unless first specifically authorized in writing by the company to do so.' These provisions indicate that the company reserved in its own hands to determine from time to time how far and to what extent it would place plaintiff in a position to execute bonds in his own office, and in what cases it would decline to do so and require the applications to be forwarded to it. Hence, the company was within its rights in failing or declining to furnish the plaintiff with a written power of attorney in reference to excise bonds to authorize plaintiff to execute such bonds as surety in its name. If this is correct, then plaintiff could only put defendant in default as upon a breach of the contract by forwarding the application to the company.

"But it is said that defendant disabled itself from signing any bonds on applications which plaintiff might have secured by the forms of the powers of attorney and bonds furnished to its other agents in this county, in that such forms of bonds provided on their face that they should not be valid unless signed by these particular agents, and powers of attorney filed with the state excise department contain a similar provision. There is no force in this suggestion. The defendant company could not disable itself in that manner, for a bond signed by the company as surety would bind the company notwithstanding the fact that it had signed some previous document to the contrary effect, and so the company could by power of attorney authorize plaintiff or any one else to sign its name as surety notwithstanding any previous power of attorney to other persons which purported to confer exclusive authority so to do, for the second power of attorney would, in legal effect, modify the first. Of course, the blank form of bond used by the attorney last appointed could not be, and need not be, the form which on its face contained a provision that it was not to be valid unless executed by another agent.

"These are the considerations which led to the direction of a verdict for the defendant upon the trial. If they are correct, there was no ambiguity in

the contract, nor did the evidence received as to what was said between the parties before the contract was executed show any ambiguity. It seemed proper to admit that testimony to ascertain what facts existed in reference to excise bond business in Monroe county which was within the knowledge of the parties at the time the contract was made, but the facts when disclosed failed to show that the contract was ambiguous or to create a question of fact on that subject for the jury.

"It follows that the plaintiff's motion must be denied, with ten dollars ($10.00) costs."